UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:10CV00034 ERW |
| | ) | |
| BEVERLY MORRISON, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Ronald William's Motion to Compel Responses to Interrogatories and Requests for Production [ECF No. 27].

Plaintiff brought suit against Dr. Beverly Morrison, et al., (Defendants) under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs and this deliberate indifference violated his constitutional rights. Plaintiff now moves the Court to compel production of various documents and to compel response to several interrogatories.

Defendants generally object to Plaintiff's motion. They assert that they have either produced all documents requested by Plaintiff or, they object to producing the documents because the requested documents are irrelevant and immaterial to Plaintiff's constitutional claims or seek privileged information. They also assert that they have answered interrogatories fully and to the best of their knowledge. Defendants refuse to answer some questions that they deem to be irrelevant, immaterial, or requesting privileged information.

The Court heard arguments from the parties on the Motion at a hearing on September 28, 2011.

I.     **REQUESTS FOR PRODUCTION**

The Court orders the following:

In regards to Production Requests 1 and 2, Defendants are ordered to produce Plaintiff's complete medical records to date. Defendants agreed to request a copy of Plaintiff's medical records, including the records of the specialist Dr. Koonce from Urology Care and any other specialist at Urology Care who treated or is treating Plaintiff, from the Health Services Administrator of the Missouri Department of Corrections. Defendants also agreed to send Plaintiff a medical records release authorization that Plaintiff agreed to sign and return to Defendants. In the event the Health Services Administrator will not produce the requested medical records, the signed authorization will allow Defendants to collect and produce the requested documents. Defendants are ordered to give the Court a progress report on its attempt to acquire these files. When the files are accumulated, they will be produced to Plaintiff.

In regards to Production Request 3, Defendants are ordered to produce any manuals or documents of any kind which outline availability of bonuses to health care providers that pertain in any way to Plaintiff's treatment.

In regards to Production Request 4, Defendants are ordered to produce the insurance policy subject to the attached protective order approved by the Court. Plaintiff was warned, on the record, to strictly comply with the terms of the Protective Order.

In regards to Production Requests 5, 6, 9, and 10, Defendants are ordered to produce employment contracts of all named defendants from January 1, 2006 until May 13, 2010 subject to the attached protective order approved by the Court. If Defendants believe that the contracts must be redacted for any reason, Defendants should deliver a copy of the redacted and unredacted contracts to the Court for *in camera* review.

In regards to Production Request 7, Defendants are ordered to produce all emails that have been sent or received by each Defendant regarding Plaintiff's care or treatment. If Defendants

believe any email contains privileged information, those emails should be sent directly to the Court for *in camera* review.

In regards to Production Request 12, Defendants are ordered to produce a copy of the contract between CMS and the State of Missouri to the Court for *in camera* review.

Production Request 8 and 11 are denied as moot.

Production Request 13 is denied because it seeks irrelevant information outside the scope of this litigation.

## II. INTERROGATORIES

Regarding the interrogatories, the Court orders the following:

As to Defendants Perkins and Ward, the Court denies the motion to compel regarding Interrogatories Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15. Interrogatories Nos. 5 and 12 are mooted by this Order.

With regards to Defendant Correctional Medical Services, Inc., the Court denies the motion to compel regarding Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 16.

As to Defendant Roxas, the Court denies the motion to compel regarding Interrogatories Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 16. The Court orders Defendant Roxas to answer Interrogatory No. 5.

As to Defendants Nalagan and Cabrera, the Court denies the motion to compel regarding Interrogatories Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 16. The Court orders Defendants Nalagan and Cabrera to answer Interrogatory No. 5.

Defendants are ordered to produce a copy of Defendant Tammy Harr's interrogatory answers to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the insurance policy and employment contracts of the individual Defendants are to be produced subject to the Protective Order attached hereto.

Dated this  29th  day of September, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE