UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00034 ERW |
| BEVERLY MORRISON, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Ronald Williams's Motion for Appointment of Counsel [ECF No. 65] and Motion for Delay of Proceedings [ECF No. 66].

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims,

and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

The Court has considered the legal and factual makeup of the claims being made by Plaintiff. This prisoner civil rights action pursuant to 42 U.S.C. § 1983 appears to involve straightforward questions of fact and non-complex questions of law.  Plaintiff has filed articulate and easily understood pleadings which indicate that he is capable of clear expression and appropriate organization of content.  Plaintiff also appears able to clearly present and investigate his claim.  In addition, even though Plaintiff's health problems are a factor to consider when contemplating the appointment of counsel, his health problems alone do not require the Court to appoint counsel.  *See Edgington*, 52 F.3d at 780 (stating that plaintiff's mental illness is a relevant to the court's analysis, but not a dispositive factor when appointing counsel).  Therefore, the Court concludes neither Plaintiff nor the Court would be aided at this time by the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 65] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Delay of Proceedings [ECF No. 66] is **GRANTED in part**.  The deadline to file a response to Defendants' Motion for Summary Judgment is **April 20, 2012**.

Dated this  16th  day of February, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE